# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

TERESA C. GREENLEE,      )
      )
      **Plaintiff,**      )
**v.**      )      **Case No. CIV-16-461-SPS**
      )
NANCY A. BERRYHILL,      )
**Acting Commissioner of the Social**  )
**Security Administration,** [1]      )
      )
      **Defendant.**      )

## OPINION AND ORDER

The claimant Teresa C. Greenlee requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn W. Colvin as the Defendant in this action.

Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on July 30, 1963, and was fifty-two years old at the time of the administrative hearing (Tr. 37). She has a high school equivalent education, and has worked as a convenience store clerk/cashier II, appliance assembler, and home attendant (Tr. 37, 51). The claimant alleges she has been unable to work since an amended onset date of April 1, 2014, due to collapsed foot bones, bad left knee, degenerative disc disease, scoliosis, high blood pressure, and high cholesterol (Tr. 40, 220).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on June 5, 2014 (Tr. 166-79). Her applications were denied. ALJ Edward M. Starr conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated October 2, 2015 (Tr. 23-29). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1581.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with frequent climbing, balancing, crawling, kneeling, stooping, and crouching (Tr. 26). The ALJ then concluded that the claimant was not disabled because she could return to her past relevant work as a convenience store clerk/cashier II (Tr. 29).

## Review

The claimant contends that the ALJ erred by failing to: (i) properly develop the record as to her back impairment, (ii) support his step-two findings and RFC with substantial evidence in light of contradictory evidence related to her foot impairment, and (iii) assess her credibility. The Court agrees that the ALJ failed to properly assess the claimant's back impairment at step four.

The ALJ found the claimant had the severe impairments of essential hypertension, degenerative disc disease, and obesity, but that her foot pain status post-surgery did not meet the twelve-month durational requirement for disability (Tr. 25-26).

The relevant medical records as to the claimant's back reveal that she presented to Good Samaritan Clinic on June 4, 2013, and reported low back pain that began the day before (Tr. 303). On examination, a nurse practitioner noted the presence of pain with palpation of the thoracic paraspinous muscles, but that the claimant had a normal gait and station (Tr. 303). She assessed the claimant with back pain, most likely musculoskeletal, and recommended a heating pad and ibuprofen (Tr. 303). At a follow-up appointment on June 25, 2013, the claimant reported continued back pain (Tr. 302). The nurse practitioner

ordered an x-ray of the claimant's thoracic spine, the results of which revealed scoliotic changes in the mid to upper thoracic spine, and degenerative changes of mild to moderate degree in the mid-thoracic spine (Tr. 302, 307). Thereafter, the claimant established care at All River Valley Primary Care Services on May 20, 2014, and reported muscle spasms in her lower back (Tr. 329-30). Tracy Fisher, a nurse practitioner, examined the claimant and found mild tenderness to palpation in her lumbar/lumbosacral spine, muscle spasms in her lumbar spine, and an antalgic gait (Tr. 330). Ms. Fisher made no assessment regarding the claimant's back, but nonetheless prescribed ibuprofen and a muscle relaxant (Tr. 330). James Saunders, a physician assistant at All River Valley Primary Care Services, assessed the clamant with lumbago on September 16, 2014, prescribed a pain medication, and referred her for physical therapy (Tr. 330). As to the claimant's foot impairment, she underwent a left first tarsal metatarsal fusion on May 5, 2015 (Tr. 358-439). At a follow-up appointment on August 6, 2015, Dr. Smith noted satisfactory alignment, good opposition of bones, and no evidence of hardware failure, and he released the claimant from follow-up care (Tr. 443-45).

State reviewing physician Dr. Lucy Sauer completed a physical RFC assessment on August 8, 2014 (Tr. 63-71). Dr. Sauer indicated that the claimant could perform the full range of light work (Tr. 69-69). In support, Dr. Sauer referred to the March 2013 through May 2014 treatment notes from Good Samaritan Clinic as well as the claimant's June 2014 pain form (Tr. 313-314). On January 23, 2015, state reviewing physician Dr. William Harrison affirmed Dr. Sauer's assessment (Tr. 83-92). In addition to the evidence cited by Dr. Sauer, he also cited Dr. Dotson's treatment notes as support for his opinion (Tr. 90).

In his written opinion, the ALJ thoroughly discussed the claimant's hearing testimony and function report, as well as all the evidence in the record. He gave significant weight to the state reviewing physician opinions that the claimant could perform light work, but modified the claimant's RFC to include only frequent climbing, balancing, crawling, kneeling, stooping, and crouching (Tr. 26).

The claimant asserts that the ALJ should have ordered a consultative examination to develop the record and properly account for her back impairment. An ALJ has broad latitude in deciding whether to order a consultative examination. *Hawkins v. Chater,* 113 F.3d 1162, 1166 (10th Cir. 1997), *citing Diaz v. Secretary of Health & Human Services,* 898 F.2d 774, 778 (10th Cir. 1990). Once the claimant has presented evidence suggestive of a severe impairment, it "becomes the responsibility of the ALJ to order a consultative evaluation if such an examination is necessary or helpful to resolve the issue of impairment." *Id.* at 1167. A consultative examination also may be required if there is a direct conflict in the medical evidence, the medical evidence is inconclusive, or when additional tests are needed to explain a diagnosis already in the record. *Id.* at 1166. But an ALJ does not generally have a duty to order a consultative examination unless requested by counsel or the need is clearly established in the record. *Id.* at 1168.

Here, counsel did not request a consultative examination in writing or at the hearing. Nevertheless, such an examination would have been helpful this case because in its absence, the ALJ had no opinion evidence to connect to his findings to the claimant's physical RFC. Although the ALJ stated he gave significant weight to the state reviewing physician opinions, he actually rejected these opinions at least in part, by making additional

modifications to the RFC. These further postural modifications are presumably intended to account for the claimant's back impairment, but the ALJ has connected no evidence in the record to instruct this Court as to how such limitations account for the claimant's severe degenerative disc disease, much less all of her impairments in combination. *See, e.g., Timmons v. Barnhart,* 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue,* 260 Fed. Appx. 108, 112 (10th Cir.2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."). *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments[.]'") [emphasis in original] [citations omitted]. The ALJ's discretion is not boundless, and under the circumstances in this case, the ALJ should at least have explained why no further development was necessary.

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the claimant's back impairment. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

    **DATED** this 13th day of March, 2018.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**